**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FLORA ELISABETH SALAZAR,

          *Petitioner*,

v.                                    Case No. 3:26-cv-1304-WWB-MCR

SHERIFF RICK STALY, et al.,

          *Respondents*.

_____

## <u>ORDER</u>

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  She asserts that Immigration and Customs Enforcement ("**ICE**") is currently detaining her at the Flagler County Detention Center.  (*Id.*).  The Petition is not a model of clarity, and it is unclear what claims Petitioner seeks to raise.  Indeed, she appears to only raise one ground for relief, stating she cannot be deported to her native country of Nicaragua since she has been in the United States since she was nine-years old, and her family has faced persecution there.  (*Id.* at 6–7).

Federal courts may grant the writ where any petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  Here, Petitioner has not alleged sufficient facts to establish his entitlement to relief.  Indeed, she does not claim Respondents violated a particular constitutional right or that her detention is illegal, and her allegations are conclusory in nature and devoid of sufficient facts that would allow the Court to draw reasonable inferences that Respondents violated her constitutional rights.  Petitioner carries the burden of clearly identifying her claims and the relief she seeks.  Because she fails to carry that burden,

the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how her detention allegedly violates the Constitution.

The Court also notes that Petitioner did not sign the Petition, but rather a "David C. Carey" signed on her behalf.  (*See* Doc. 1 at 9).  The Court cautions Petitioner that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in h[er] behalf."  28 U.S.C. § 2242.  The latter part of this statutory provision codifies the common-law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action herself.  *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  But "'[n]ext friend' standing is by no means granted automatically . . . ."  *Id.* at 163.  The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts.  *Id.*  As such, if another individual intends to file any future petition on behalf of Petitioner, that individual must demonstrate that "next friend" status is appropriate before doing so.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The Clerk of Court shall send Petitioner a § 2241 habeas corpus petition form.  Petitioner should use the form if she decides to initiate a new case in

this Court.  She should not put this case number on the form, because the

Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, on June 2, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Flora Elisabeth Salazar, A026041407

3